FILED by ___ D.C.
ELECTRONIC

Mar 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-CIV-22852-COOKE/BROWNE

THE REPUBLIC OF HAITI and
TELECOMMUNICATIONS D'HAITI
S.A.M.,

    Plaintiffs,

v.

JEAN-BERTRAND ARISTIDE,
FAUBERT GUSTAVE,
RODNEE DESCHINEAU,
LESLY LAVELANET,
FRED BELIARD
ALPHONSE INEVIL,
JEAN RENE DUPERVAL,
ADRIAN CORR, and
MONT SALEM MANAGEMENT, LTD.

    Defendants.
_____/

### PLAINTIFFS' MOTION FOR LEAVE TO ENLARGE THE TIME IN WHICH TO SERVE THE SUMMONS AND COMPLAINT ON DEFENDANTS

    Plaintiffs, The Republic of Haiti and Telecommunications d'Haiti S.A.M., by and through their undersigned counsel, move for an additional 120 day period in which to provide service upon the Defendants in this action.

    **IN SUPPORT THEREOF, it is respectfully shown unto the Court:**

    1.    Rule 4(m) of the Federal Rules of Civil Procedure provides civil plaintiffs with a 120-day period in which to serve defendants. Plaintiffs in this case filed their Complaint on November 2, 2005. Accordingly, the 120 day period will expire on March 2, 2006. Although this Court has discretion to grant an extension of the referenced 120 day limitation without any showing of good cause, *see Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005), Plaintiffs submit the following factors as context for their request.

    2.    Several of the defendants in this case are currently domiciled in foreign countries.

        a.    The former President of Haiti, Jean-Bertrand Aristide, is currently domiciled in South Africa.

        b.    Similarly, Adrian Corr is currently domiciled in the Turks and Caicos Islands.

        c.    Finally, Mont Salem Management, Ltd. is a company existing and organized under the laws of the Turks and Caicos Islands.

3.    Since the overthrow of Defendant Jean-Bertrand Aristide in February 2004, the Haitian Government and its people have endured a period of remarkable uncertainty and intense social change.

4.    In the interests of national unity and the expeditious development of a stable and successful Haitian state, during the late summer and fall of 2004, Haiti's interim Government initiated the first steps of a complex electoral process.

5.    Due to a host of unavoidable complications, the national elections, which were originally scheduled to take place on November 13, 2005, had to be delayed on four separate occasions.

6.    Elections were finally held on February 7, 2006, under the continuing occupation of MINUSTAH, a United Nations force that had been present in Haiti since Aristide's departure. Due to a shortage of election workers and extremely long lines at some polling stations, voting hours had to be extended considerably.

7.    The national elections were followed by several days of deep anxiety and civil unrest as supporters of various factions often gathered and protested in the streets.  At times, the protests turned violent, though fears of widespread hostility were not realized.

8.    The newly elected Government of Haiti is scheduled to assume full control of all governmental agencies on April 8, 2006.

9.    Given the foreign domicile of several Defendants, the extraordinary developments in the Republic of Haiti in the last four months, and the reasonable and understandable focus of the interim Government on the historic elections and the processes leading up to the elections, Plaintiffs respectfully requests an additional 120 days in which to serve the defendants.

10.    The conference requirement of Rule 7.1 of the Local Rules of the Southern District of Florida cannot be satisfied prior to the filing of this motion because service has not yet

CASE NO. 05-CIV-22852-COOKE/BROWNE

been affected and no counsel has yet entered an appearance on behalf of the Defendants in this case.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs respectfully request that this Court grant the Plaintiffs an additional 120 day period in which to provide service upon the Defendants in this action.

Respectfully submitted,

*/s/ Mitchell S. Fuerst*
Mitchell S. Fuerst
Fla. Bar No. 264598
RODRIGUEZ, O'DONNELL, ROSS, FUERST
1001 Brickell Bay Drive, Suite 2002
Miami, Florida  33131

Marc S. Palay
Eric W. Bloom
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 282-5000
Fax:  (202) 282-5100

Jerome W. Pope
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600
Fax:  (312) 558-5700

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-CIV-22852-COOKE/BROWNE

THE REPUBLIC OF HAITI and
TELECOMMUNICATIONS D'HAITI
S.A.M.,

     Plaintiffs,

v.

JEAN-BERTRAND ARISTIDE,
FAUBERT GUSTAVE,
RODNEE DESCHINEAU,
LESLY LAVELANET,
FRED BELIARD
ALPHONSE INEVIL,
JEAN RENE DUPERVAL,
ADRIAN CORR, and
MONT SALEM MANAGEMENT, LTD.

     Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO ENLARGE THE TIME IN WHICH TO SERVE THE SUMMONS AND COMPLAINT ON DEFENDANTS

THIS MATTER came before this Court on Plaintiffs' motion for leave to enlarge the time in which to serve the summons and complaint on the Defendants in this case. Being fully advised in the premises, the motion is hereby

GRANTED.

It is ORDERED that the Plaintiffs shall have one hundred twenty (120) days from the date of the signing of this order to serve the summonses and complaint on the Defendants in this case.

DONE and ORDERED in Chambers at Miami, Florida this _____ day of March, 2006.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE
                                                                                    MARCIA G. COOKE

<u>Copies furnished to</u>:
Counsel of Record